UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAZARA ARENCIBIA,

      Plaintiff,

v.                                CASE No. 8:11-CV-638-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

ORDER

      The plaintiff in this case sought judicial review of the determination that she was no longer entitled to Social Security disability benefits.[*]   Despite three extensions of time, the plaintiff has not filed a memorandum challenging the decision of the Commissioner of Social Security.  Accordingly, the decision will be affirmed.  The plaintiff, instead, filed a motion seeking a remand pursuant to the sixth sentence of 42 U.S.C. 405(g).  The plaintiff, however, has failed to make the required showing, so the motion will be denied.

_____

      [*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

I.

The plaintiff in March 2003 was found disabled as of January 2002 (Doc. 8, p. 16). However, in January 2007, the plaintiff was determined to be no longer disabled as of January 2008 (id.). That determination was upheld on reconsideration.

The plaintiff then requested a hearing before an administrative law judge. The law judge applied the eight-step evaluation process to determine if the plaintiff continued to be disabled (Doc. 8, pp. 14-15). In that process, the law judge found that the plaintiff continued to have impairments of "cervical disc disease; lumbar disc disease; bilateral carpal tunnel syndrome; and depression" (id., p. 16). The law judge concluded that, as of January 1, 2008, the plaintiff's condition had improved, and that those improvements related to the plaintiff's ability to work (id., pp. 17, 20). In making these findings, the law judge determined that the plaintiff had the residual functional capacity to perform light work. Specifically, the law judge found as follows (id., pp. 17-18):

> The claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; requires the option to alternate sitting and standing at will; occasionally stoop and climb stairs but no ropes,

> ladders or scaffolds; avoiding squatting, kneeling,
> and crawling. Non-exertionally, after the cessation
> date the claimant has shown that she is capable of
> performing complex tasks without difficulty.

The law judge ruled that, despite these limitations, the plaintiff could return to past work as a typist and data entry clerk (id., p. 20). He stated further, based upon the testimony of a vocational expert, that other jobs exist in significant numbers in the national economy that the plaintiff could perform, such as office clerk, mail clerk, and ticket seller (id.). Accordingly, the law judge decided that, as of January 1, 2008, the plaintiff was no longer disabled (id., p. 21). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

The plaintiff then sought review of the Commissioner's decision in this court. However, after obtaining three extensions of time to file her memorandum regarding the decision, the plaintiff only filed a Motion for Remand Under Sentence Six of 45 [sic] U.S.C. §405(g), asserting that the plaintiff filed a new claim for supplemental security income payments on March 18, 2011, and was subsequently found disabled as of that date (Doc. 19). The Commissioner filed a response opposing the remand (Doc. 20).

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record

-4-

compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

After the Commissioner filed his answer, a scheduling Order was entered giving the plaintiff sixty days to file a memorandum in support of her challenge to the law judge's decision (Doc. 10, p. 2). That Order provided that "[t]he Plaintiff must identify with particularity the discrete grounds upon which the administrative decision is being challenged" and must support any such challenges "by citations to the record of the pertinent facts and by citations of the governing legal standards" (id.).

The plaintiff subsequently obtained three thirty-day extensions of time to file her memorandum (Docs. 13, 15, 17). The plaintiff's memorandum thus became due on Monday, October 31, 2011 (Doc. 18). Consequently, the plaintiff had 151 days to file her memorandum. However, that time has passed and no memorandum challenging the law judge's decision has been filed. Especially in light of the scheduling Order, the challenge to the law judge's decision has been abandoned.

IV.

As indicated, the plaintiff has moved for a remand pursuant to the sixth sentence of 42 U.S.C. 405(g) based upon the submission of new and

material evidence (Doc. 19). In this respect, the plaintiff states that, after the law judge's unfavorable decision in this case on January 15, 2010, she filed on March 18, 2011, a new application for supplemental security income benefits. According to the plaintiff, that application was subsequently granted by the Social Security Administration, and the plaintiff was found disabled as of March 18, 2011. The plaintiff seeks a remand in light of that favorable determination.

A federal court is authorized, in the sixth sentence of 42 U.S.C. 405(g), to remand a case upon "a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Milano v. Bowen, 809 F.2d 763, 766 n.2 (11th Cir. 1987). Evidence is material if there is a reasonable possibility that it will change the administrative result. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999). Where, as here, the final administrative decision was rendered by the law judge, the new evidence must relate to the period before the law judge's decision. Leiter v. Commissioner of Social Security Administration, 377 Fed. Appx.

944, 950 (11th Cir. 2010); <u>Vlamakis</u> v. <u>Commissioner of Social Security</u>, 172

Fed. Appx. 274, 277 (11th Cir. 2006).

   The plaintiff's three-page motion and memorandum makes no

meaningful attempt to demonstrate that new evidence has been provided that

is likely to change the administrative decision (Doc. 19). While the plaintiff

makes reference to a Physical Residual Functional Capacity Assessment form

and to records from the Florida Orthopaedic Institute, Dr. Anthony Duany,

and Dr. Leni Kramer (<u>id.</u>, pp. 1, 2), the motion and memorandum contains no

discussion of any information in those documents.

   The Commissioner's opposition, in contrast, discusses the

medical information and cogently explains why a remand is not warranted

(Doc. 20). Thus, the Commissioner points out that some of the new records

are either cumulative or could have been submitted to the law judge (<u>id.</u>, pp.

4-5). His opposition demonstrates further that much of the new evidence is

not relevant because it was dated after the law judge's decision on January

15, 2010 (<u>id.</u>, p. 5). Also, he shows that the evidence is not material because

it is not likely to change the law judge's decision (<u>id.</u>).

It is appropriate to add to what the Commissioner has said. The Physical Residual Functional Capacity Assessment form submitted by the plaintiff was filled out by what is termed a single decisionmaker ("SDM") (Doc. 19-1, Ex. A, p. 9). That person is not a physician or psychologist and, correspondingly, has not examined the claimant. Consequently, law judges commonly give little or no weight to opinions by SDM's. Therefore, there is no possibility that the form prepared by the SDM almost a year and a half after the law judge's decision would change that decision.

The records from the Florida Orthopaedic Institute relate to the plaintiff's left knee (see Doc. 19-2, Ex. B, p. 2). As the Commissioner points out, the law judge was aware of this condition (Doc. 8, p. 16). Further, the new records refer to a 2009 MRI that was before the law judge (Doc. 20, p. 5). In addition, records of Dr. Kramer of August 9, 2010, reflect no complaints of knee pain and an examination noted no left knee pain (Doc. 19-2, Ex. B, pp. 45, 47). Consequently, the records from the Florida Orthopaedic Institute would not result in a change in the law judge's determination of the plaintiff's residual functional capacity.

Also, there is no reason to think that records from Dr. Duany would change the law judge's decision. His records indicate, for example, that on October 21, 2010, the plaintiff had no symptoms (id., Ex. B, p. 10). Therefore, to the extent the plaintiff suggests that Dr. Duany's records support the disability finding of March 18, 2011, the records of October 21, 2010, show that the condition of March 18, 2011, does not relate back to the time of the law judge's decision on January 15, 2010.

Furthermore, Dr. Duany's records of October 21, 2010, note that the plaintiff was in Columbia for several days (id.). That certainly contradicts a claim of total disability.

Similarly, the records from Dr. Kramer would not result in a change in the law judge's decision. Her notes of August 9, 2010, contain the following (id., Ex. B, p. 46):

> MUSCULOSKELETAL: No muscle or joint pain, weakness, swelling or inflammation. No restriction of motion, no atrophy or backache.
>
> . . .
>
> PSYCHIATRIC: No increased nervousness, mood changes or depression. Coping well.

-10-

Again, this demonstrates that any support Dr. Kramer's records may have provided for the March 18, 2011, disability determination would not relate back to the date of the law judge's decision on January 15, 2010.

For these reasons, the plaintiff has not satisfied the requirements for a remand pursuant to sentence six of 42 U.S.C. 405(g).

It is, therefore, upon consideration

ORDERED:

That the challenge to the Commissioner's decision has been abandoned, and, consequently, the decision will be AFFIRMED. Moreover, the Motion for Remand Under Sentence Six of 45 [sic] U.S.C. §405(g) (Doc. 19) is hereby DENIED. The Clerk shall enter judgment accordingly and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 22nd day of November, 2011.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE